IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GARDEN INVESTMENT INC<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 5:18-cv-1127 |
| | § | |
| ALLIED PROPERTY AND CASUALTY<br>INSURANCE COMPANY<br>*Defendant.* | §<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendant Allied Property and Casualty Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Garden Investment Inc. v. Allied Property and Casualty Insurance Company*; Cause No. 2018CI18566; In the 438th Judicial District of Bexar County, Texas.

### I.
### BACKGROUND

Plaintiff Garden Investment Inc. (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 2018CI16251; In the 438th Judicial District of Bexar County, Texas on September 25, 2018 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

1. Defendant appeared and answered on October 26, 2018, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

2. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**.

3. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 438th Judicial District Court of Bexar County, Texas.

4. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

6. Plaintiff is a domestic for-profit corporation with its principal place of business in Bexar County, Texas.  *See* **Exhibit A**, § II.  Pursuant to 28 U.S.C. § 1332(c), therefore, Plaintiff is a citizen of the State of Texas.

7. Allied Property and Casualty Insurance Company is organized under the laws of Iowa and maintains its principal place of business in Iowa.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Iowa.

8. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

9. Plaintiff's Original Petition states that Plaintiff seeks "monetary relief over $200,000 but not more than $1,000,000 dollars," *See* Plaintiff's Original Petition, **Exhibit A**, § VIII. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

10. Plaintiff further seeks compensation for (1) actual damages, (2) consequential damages (3) 18% per annum penalty interest (4) pre-judgment interest (5) attorney's fees and (6) exemplary damages. *See* **Exhibit A,** § VIII-XI. Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling it to a trebling of actual damages under Texas Insurance Code Chapter 541. *See* **Exhibit A,** § IX; Tex. Ins. Code sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[1]

11. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## III.
## CONCLUSION

12. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

13. WHEREFORE, Defendant Allied Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

---

[1] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 - Facsimile

**ATTORNEYS FOR DEFENDANT
ALLIED PROPERTY AND CASUALTY
INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the foregoing instrument has been served electronically via Certified Mail this the 26th day of October, 2018 to:

| | |
|---|---|
| W. Lee Calhoun | #9414 7266 9904 2061 9268 67 |
| Michelle "Shelly" Calhoun | |
| Calhoun Law Firm | |
| 1350 NE Loop 1604 E, Suite 104 | |
| San Antonio, Texas 78232 | |
| lee@calhounattorney.com | |
| shelly@calhounattorney.com | |

*/s/ Patrick M. Kemp*
Patrick M. Kemp